IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN DOE, as Administrator/Executor of the Estate of James W. White; JON R. BECKENHAUER, as Trustee of the James W. White Revocable Trust dated 7/26/2011; JAMES M. WHITE, Individually and as Trustee of the James W. White Living Trust dated 7/02/2014; and ROZLYN WHITE HOESING,<br><br>　　　　　　　Defendants. | 8:24CV257<br><br>**MEMORANDUM AND ORDER**<br>**NUNC PRO TUNC** |

This matter comes before the Court on the parties' Joint Motion for Interpleader Relief. Filing No. 25. As set forth herein, the Court grants the motions and sets certain deadlines for the parties in order to progress the case.

I.   **BACKGROUND**

Plaintiff, Brighthouse Life Insurance Company, filed this complaint in interpleader alleging it was in possession of disputed life insurance proceeds. Filing No. 1 at 3. James W. White had taken out a life insurance policy with Brighthouse[1] in 2004 which designated his son, Defendant James M. White, and his granddaughter, Defendant Rozlyn White Hoesing, as beneficiaries. Filing No. 1 at 3. In 2011, the decedent assigned all ownership to and beneficiary rights under the life insurance policy to a trust with Defendant Jon R. Beckenhauer as trustee. *Id.* After James W. died in March 2024, James M. contacted

---

[1] Brighthouse was then known as Travelers life and Annuity Company. Filing No. 1 at 2.

1

Plaintiff and asserted his belief that he, rather than Beckenhauer, was the trustee of the trust assigned as owner and beneficiary of the insurance policy. Filing No. 1 at 4. James M. produced a document signed by James W., but the parties dispute whether the document, dated from 2014, removed Beckenhauer as trustee, or instead created a separate trust which made James M. the trustee. *Id.* Due to this disagreement over who was trustee of the trust to which the life insurance policy had been assigned, Brighthouse seeks to interplead the life insurance proceeds into this Court's fund. *Id.* at 1–5. In addition to naming Beckenhauer, James M. White, and Rozlyn White Hoesing as interpleader defendants, Brighthouse named a John Doe, who it identifies as the "administrator/executor of the Decedent's Estate," because the policy provided that if the owner and the insured under the Policy are the same, and no beneficiary survives the owner of the policy, then the beneficiary of the estate is the owner. *Id.* at 1, 3.

The named Defendants answered but did not file any crossclaims against each other. Filing No. 16, Filing No. 17. Prior to the deadline for filing their Rule 26(f) report, the parties asked for a stay which was granted so the parties could engage in settlement negotiations. Filing No. 23; Filing No. 24. The parties have now filed what they style a Joint Motion for Interpleader Relief pursuant to Federal Rules of Civil Procedure 22 and 67 which seeks to allow Brighthouse to interplead $1,026,471; awards Brighthouse $5,000 in attorneys' fees; and dismisses Brighthouse from the case. Filing No. 25 at 3. In its subsequently filed status report, Brighthouse stated its belief that the joint motion "will resolve this case." Filing No. 26 at 2.

II.     ANALYSIS

Under Federal Rule of Civil Procedure 22 governing interpleader, a plaintiff must show that it may be exposed to "double or multiple liability" due to the existence of competing claims. Fed. R. Civ. P. 22(a)(1); *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, [and] enjoining the parties from prosecuting any other proceeding related to the same subject matter." *Vanderlinden v. Metro. Life Ins. Co.*, 137 F. Supp. 2d 1160, 1164 (D. Neb. 2001) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1714 at 624–27 (3d ed. 2001)). The Court may also direct that the interpleader issues be framed by the claimants in their pleadings. *Id.* (quoting *Federal Practice and Procedure*, § 1714 at 624–27).

First, as to the joint request to interplead the money and dismiss Brighthouse, the Court agrees the request should be granted. The parties do not dispute the amount of the insurance proceeds and Brighthouse is a disinterested stakeholder regardless of the dispute among the various Defendants as to how the proceeds should be distributed.

Next, the Court also agrees Brighthouse should be awarded its requested attorney fees from the insurance proceeds. "A 'completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, [but] the amount allowed for such fees should be modest.'" *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th Cir. 2016) (quoting *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)). Here, the fee amount is reasonable, and, as

stated above, Brighthouse is a disinterested party who should be released from the lawsuit.

Lastly, the Court must decide how this case will proceed. Although Brighthouse claims in the status update that the joint motion to interplead "will resolve this case," Filing No. 26 at 2, that does not seem to be true as to the remaining adverse claims for the insurance proceeds. As noted above, the named Defendants have filed answers but did not include crossclaims.[2] Furthermore, while Brighthouse named the hypothetical executor of James W.'s estate as a John Doe defendant, in their joint motion the parties represent that "no proceeding has been commenced to administer the estate of James W." and "there is no present intention to open said estate." Filing No. 25 at 1. Accordingly, the Court will order the Defendants to file crossclaims or other pleadings better framing their competing claims and addressing whether John Doe should be dismissed as a party from this suit.

Accordingly,

IT IS ORDERED:

1. The parties' Joint Motion for Interpleader Relief (Filing No. 25) is granted.
2. Within 30 days from the date of this order, Plaintiff, Brighthouse Life Insurance Company shall deliver the proceeds of life insurance policy number 7420523 plus accrued interest to the Clerk of the Court, retaining $5,000.00 for its attorney fees, for a total deposit of $1,075,926.09. Once the funds have been delivered, the Court will issue an order dismissing Plaintiff from the lawsuit.

---

[2] Beckenhauer's answer included a counterclaim against Brighthouse, but he has subsequently voluntarily dismissed it. Filing No. 17 at 3 (answer with counterclaim); Filing No. 18 (motion to voluntarily dismiss counterclaim); Filing No. 21 (order granting dismissal of counterclaim).

4

3. The Clerk of the Court is directed to deposit the funds into an interest-bearing account until further order of the Court.

4. By stipulation of the parties (Filing No. 25), which the Court adopts, Plaintiff is discharged from any and all liability to the Defendants for any claims arising out of the above life insurance policy, and Defendants are enjoined form instituting any further litigation against Plaintiff relating to said insurance policy.

5. Within 30 days of the date of this Order, Defendants, Jon R. Beckenhauer, James M. White, and Rozlyn White Hoesing shall file pleadings framing their competing claims and addressing whether the John Doe Defendant should be dismissed from the suit.

Dated this 13th day of January, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge